**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JUANREN WU,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.

Case No. 1:26-cv-00358
Hon. Andrea R. Wood

_____/

## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant WinEsc (Merchant ID: A2B7DLPSTY87BH), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, and 35 U.S.C. § 299, to dismiss Plaintiff's First Amended Complaint with prejudice, or in the alternative, to sever Defendant from this action. In support thereof, Defendant states as follows:

### I. INTRODUCTION

Plaintiff asserts a single claim of design patent infringement against over one hundred unrelated defendants in a single complaint. This joinder is improper, and the asserted design patent (U.S. Patent No. D1,049,230, "`230 Patent" hereafter) is invalid as a matter of law because its design is primarily functional and obvious in light of centuries of prior art.

### II. ARGUMENT

**A. Misjoinder Requires Severance (35 U.S.C. § 299 and Fed. R. Civ. P. 20/21)**

Page 1 of 4

Plaintiff has improperly joined dozens (or hundreds) of unrelated defendants who sell different products through different Amazon stores. Under 35 U.S.C. § 299, joinder of accused infringers is permitted only if:

> 1. The defendants are accused of making, using, or selling the same accused product; and
> 2. The claims arise out of the same transaction, occurrence, or series of transactions.

*Id.*

Here, each defendant sells its own independently sourced products. There is no allegation of concerted action, shared suppliers, or identical products. Such "Schedule A" shotgun complaints are routinely criticized and severed in this District. Severance is required.

**B. The Asserted Design Patent Is Invalid Because It Is Primarily Functional (Rule 12(b)(6))**

A design patent is invalid under 35 U.S.C. § 171 if its design is "primarily functional" rather than ornamental. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015).

The asserted patent claims a basic cone-shaped stainless steel pen tip for diamond painting. The tapered, pointed shape is dictated entirely by function: to pick up and place small resin diamonds accurately. There is no significant ornamental feature that is not required for the tool to perform its intended purpose. The design is therefore ineligible for design patent protection. See Figure 1, Screenshot from `230 Patent, ECF No. 1-1, p. 6.



Figure 1, Screenshot from `230 Patent,

**C. The Asserted Design Is Invalid as Anticipated and Obvious (§§ 102 and 103)**

The basic cone-shaped pen tip has existed for thousands of years in the form of ancient styluses, engraving tools, and precision applicators. Modern equivalents (metal dotting tools, resin placement tips, and painting pen tips) have been widely available on Amazon, Etsy, and elsewhere long before Plaintiff's 2021 filing date.

The design is anticipated under 35 U.S.C. § 102 and would have been obvious to a person of ordinary skill under 35 U.S.C. § 103. The ordinary observer test, when viewed in light of the extensive prior art, confirms no infringement.

### III. CONCLUSION

For the foregoing reasons, Defendant WinEsc respectfully requests that the Court:

1. Dismiss the First Amended Complaint with prejudice under Rule 12(b)(6); or

2. Sever Defendant from this action under Rule 21 and 35 U.S.C. § 299; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Email: jamesliulaw@gmail.com
Phone: (305) 209-6188
Counsel for Defendant WinEsc

Dated: May 27, 2026

**Certificate of Service**

I certify that on May 27, 2026, the foregoing was served on Plaintiff's counsel via CM/ECF.

/s/ Jianyin Liu